CYRUS STOCKWELL *versus* ELIAS CRAIG & *als.*

Where a contract, made at Augusta, stipulated for the delivery of a certain quantity of pine merchantable clapboards at Providence within a specified time; and where it did not appear but that the same clapboards which were merchantable at Augusta, were also merchantable at Providence; whether the term, *merchantable*, is to be referred to the one place or to the other, testimony to show that the clapboards delivered, were merchantable at Augusta is admissible.

When no such question was raised at the trial in the district Court, on instructions on the point given or requested, it cannot be raised in this Court upon exceptions.

If an agent of the purchaser receive the clapboards under the contract, this is evidence of performance by the party contracting to deliver them.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Assumpsit on a contract made at Augusta, of which a copy follows: —

"Augusta, June 21, 1833. Due Mr. Cyrus Stockwell four thousand of pine merchantable clapboards, valued at ten dollars per thousand, freight three dollars, to be delivered to James M. Earl at Providence, within five weeks. ELIAS CRAIG & Co."

At the trial, before ALLEN J. the defendants proved that they did deliver to James M. Earl at Providence, within the five weeks, four thousand of clapboards. The clapboards were afterwards sent to Worcester, Massachusetts, by Earl, by order of a man calling himself Cyrus Stockwell, and supposed by Earl to be the plaintiff. The plaintiff produced testimony from persons who saw the clapboards at Worcester, that they were not merchantable but of poor quality, and would not be considered at Worcester as merchantable clapboards.

The defendants introduced the deposition of T. W. Smith, who stated that he was a dealer in lumber in Augusta; that there were two kinds of clapboards manufactured there; that one kind was called clear, which was of the first quality, and that the other kind was called merchantable, which was of the poorest quality. The defendants offered evidence tending to show, that the lumber sent to Providence by the defendants would be considered at Augusta as merchantable. The plain-

Stockwell v. Craig.

tiff objected to the evidence offered by the defendants, but the Judge admitted it.

The Judge instructed the jury, that it was incumbent on the defendants to show a delivery at Providence of merchantable boards, and submitted to them the determination of the question, whether the boards delivered to Earl at that place were merchantable. He also instructed them, that if they believed from the evidence in the case, that Earl was the agent of the plaintiff to receive the delivery of the clapboards, and that they were received by him at Providence, within the time, under the contract, that it would be a performance of it on the part of the defendants.

The plaintiff excepted to the rulings and instructions of the District Judge.

*Bridges*, for the plaintiff, contended that the deposition of Smith was improperly admitted. It goes to show what were merchantable clapboards at Augusta. This is wholly irrelevant. The question is to be determined entirely by whether they were merchantable at Providence, the place where the contract was to be performed. *Blanchard* v. *Russell*, 13 Mass. R. 1; *Prentiss* v. *Savage*, ib. 20; Story's Conflict of Laws, 233.

The name of Earl was inserted in the contract merely to show to what wharfinger the clapboards were to be delivered. The instruction assumed that he was the agent, when such was not the fact. 7 Com. L. R. 191.

The delivery of these clapboards was not a performance of the contract. They were not surveyed or marked, and the sale is prohibited by statute. *Wheeler* v. *Russell*, 17 Mass. R. 258; *Coombs* v. *Emery*, 14 Maine R. 404.

*B. Bradbury*, for the defendants, said there were but two questions made at the trial, or raised in the exceptions. One was as to the place where the contract should be construed. The ruling of the Judge was, that "it was incumbent on the defendants to show a delivery at Providence of merchantable boards." To do this, the first step was to show the boards to be merchantable at the place from whence they were taken.

The testimony was much more pertinent, than to show what were merchantable boards at Worcester. But as the contract was made at Augusta, it is to be construed, as if that had been the place of the delivery of the boards also.

· The other was, whether Earl was the agent of the plaintiff. This was a mere question for the jury, and the instructions are clearly right.·

There was no question raised at the trial, whether the boards were, or were not, surveyed, and it is too late to bring up that question now.

The opinion of the Court was by

WESTON C. J. — The contract declared on, stipulates for the delivery of a certain quantity of pine merchantable clapboards, at Providence, within a specified time. By the testimony of the deponent, Smith, which was objected to, it appears that at Augusta, this species of lumber embraces two qualities, clear, which is the best kind, and merchantable, which is the poorest kind. Whether the term, merchantable, used in the contract, is to be referred to Augusta, where it was made, or to Providence, where the clapboards were to be delivered, it does not appear that a different classification of qualities exists at these places. If the lumber forwarded was merchantable at Augusta, nothing appears in the case to show, that they were not equally so at Providence. We are of opinion therefore, that the deposition of Smith was admissible. It was as well entitled to be received as the opinion of witnesses at Worcester, all of which was left to the jury, to determine whether the lumber delivered was, or was not, merchantable, as required by the contract.

As to the necessity of having the clapboards surveyed, according to the provisions of the Statute of 1821, c. 158, no such question was raised at the trial, or instructions upon this point given or requested.

By the contract, the lumber was to be delivered to James M. Earl, at Providence. This designation, as well as Earl's deposition, was evidence to be left to the jury, that he was the

agent of the plaintiff, to receive the delivery. This being found, the Judge was well justified in instructing the jury, that if he received them under the contract, it would be evidence of performance on the part of the defendants.

*Exceptions overruled.*